OPINION OF THE COURT
David B. Saxe, J.
This action involves a claim by an insurer regarding its alleged right to a damaged Andy Warhol painting as "salvage”. The painting was owned by the defendants, who obtained insurance on the painting from the plaintiff in 1982, in the amount of $35,000. In December 1982, the painting was damaged while in transit. The defendants obtained an expert’s assessment of the damage, and based upon that assessment, the insurance broker recommended to the parent company that the full limit of liability be paid. Along with the insurer’s *993 $35,000 draft a letter of transmittal was sent to the defendants stating, among other things, "Since we are paying a total loss on this item, we will be contacting you to make arrangements to pick up the salvage.” There is no indication that the plaintiff attempted to pick up the damaged painting until December 23, 1986, when a letter was sent to the defendants stating "We have been attempting to reach you for some time concerning the scheduled painting which was damaged in transit on the above captioned date of loss. As you are no doubt aware, we made a final payment to you in the amount of $35,000, and therefore entitled to the painting as salvage.” The damaged painting was not turned over to Federal Insurance, which now sues for the return of the entire claim paid.
The plaintiff has moved to compel the depositions of the defendants, and the defendants cross-move for summary judgment dismissing the complaint, contending that they had no duty to turn over the damaged painting, and in addition that the plaintiff’s claim is barred on various grounds.
None of the foregoing facts are disputed. The dispute is as to whether the defendants, as insureds, undertook or may be saddled with the obligation to return insured property as "salvage” when the insurer pays the property’s full insured value due to damage to the property.
Review of the policy itself discloses no provision requiring the turnover to the insurer of items on which a total loss is assessed and full insured value is paid. Indeed, the only policy provision referring to the surrender of insured property concerns articles which are part of a set, where another piece from the set is assessed as a total loss. Nor may a court reallocate the risks in a manner different from that contemplated in the insurance contract. (See, 69 NY Jur 2d, Insurance, § 703, and cases cited therein.)
There being no obligation under the policy to turn over to the insurer damaged items on which full insured value is paid, the only question to be addressed is whether the law imposes such an obligation. The plaintiff looks primarily to the law of marine insurance contracts. Under the common law of marine insurance, if the costs of repair and recovery of a ship exceed 50% of the stated value, then the insured may choose to declare the vessel a "constructive trust loss” and receive the full value of the policy in exchange for the damaged ship (see, Calmar S. S. Corp. v Scott, 209 F2d 852 [2d Cir 1954]); but in *994 order to recover the full value of the policy, the insured must first abandon the property in its entirety (see, Hubbell v Great W. Ins. Co., 74 NY 246).
The procedural standards that have developed in the area of marine insurance were clearly not applied by either party to this personal property insurance policy; nor has any convincing reason been advanced by the plaintiff supporting judicial imposition of that common law in this situation. The plaintiff has failed to satisfy its burden of showing that either under the policy or under any applicable law, the insured has a duty to return the damaged insured item once its full insured value was paid by the insurer pursuant to the broker’s recommendation. Moreover, it is the insurer and its agents who determine the amount to be paid on a claim; logically, the insurer must be saddled with the obligation of determining whether an insured item of personal property which has been damaged but not destroyed retains any value, which value the insurer would then deduct from the full insured value to arrive at the amount to be paid on the claim. I see no reason to require an insured to turn over damaged property simply because the insurer has not made any such assessment of remaining value.
Accordingly, summary judgment dismissing the complaint is granted in favor of the defendants. The plaintiffs motion is denied as moot.